FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT 20 PM 1: 34

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA M. REINHARD                     CIVIL ACTION

VERSUS                                   NO. 04-1977

JO ANNE BARNHART,                        SECTION "A" (3)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

### ORDER

Plaintiff, Patricia Reinhard, has filed written objections to the Report and Recommendations of the United States Magistrate Judge. The magistrate judge found no error in the Commissioner's final decision that Plaintiff is not entitled to disability insurance benefits and recommended that Defendant's motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied.

Plaintiff argues that the ALJ did not follow the requirements of SSR 96-7p because he failed to adequately explain his decision as to the credibility of plaintiff's complaints of her symptoms, including pain. In reviewing a denial of social security benefits, it is the role of this Court to determine whether the appropriate legal standards were applied in evaluating the evidence. *See Brown v. Apfel,* 192 F.3d 492, 496 (5th Cir. 1999). This Court agrees with Plaintiff's argument and finds that the appropriate legal standards were not applied. While Social Security Rulings do not have the force and effect of law, they are "binding on all components of the Administration." 20 C.F.R. § 402.35(b)(2) (2005); *Spellman v. Shalala,* 1

__ Fee_____
__ Process____
X  Dktd____
__ CtRmDep__
__ Doc. No.____

F.3d 357, 361 n. 7 (5th Cir. 1993). The 5th Circuit has often relied on these rulings in evaluating the decisions of ALJ's. *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (citing *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000); *Scott v. Shalala*, 30 F.3d 33, 34 (5th Cir. 1994); *Spellman*, 1 F.3d at 362).

SSR 96-7p provides adjudicators direction in assessing the credibility of an individual's statements about his symptoms for purposes of evaluating his disability claim. Once a physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms is established, the ruling requires the adjudicator to evaluate the intensity, persistence, and limiting effects of the pain or other symptoms to determine the extent to which they limit the individual's ability to do basic work activities. SSR 96-7p. When an individual's statements regarding intensity, persistence, or limiting effects "are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the *entire* case record." *Id.* (emphasis added). He must consider, among other things, medical signs and laboratory findings; statements about the symptoms made by the individual; and statements or other information concerning the symptoms and their effects provided by treating or examining physicians or psychologists and other persons. *Id.*

Further, he must consider the individual's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and any other

2

factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *Id.*; 20 C.F.R 404.1529(c)(3) (2005). When the adjudicator needs additional information to assess the credibility of the individual's statements, he "must make every reasonable effort to obtain available information that could shed light on the credibility of the individual's statements." *Id.*

The ruling further requires an ALJ to set forth his decision regarding an individual's credibility with specificity–

> The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. This documentation is necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision.

*Id. See also Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1998).

Here, the ALJ found that Plaintiff does have a physical impairment that could reasonably be expected to produce her symptoms, including pain, noting that she has degenerative disc disease with some bulging and some minimal enhancement centrally. (Adm. Rec. 15). Thus, he was required by SSR 96-7p to determine the intensity, persistence, and limiting effects of the symptoms. SSR 96-7p. Because the ALJ found that Plaintiff's statements concerning these three things were "not substantiated by objective medical evidence," he was required to make a credibility determination based on a consideration of the *entire* case record, including the various factors listed above. *Id.* He was further required to provide an explanation "sufficiently specific to make clear to the [Plaintiff] and to any subsequent reviewers the weight [he] gave to [Plaintiff's] statements and the reasons for that weight."

3

Here, the ALJ found that Plaintiff does have pain causing functional limitations, but he gave her complaints little weight, finding that they were "not totally persuasive." (Adm. Rec. 15). In reaching his credibility determination, he focused on Plaintiff's statements that she undergoes physical therapy, exercises, and receives epidural and facet block injections for relief, and that she attends college as a full time student and maintains good grades. (Adm. Rec. 15) He concluded that such activities contradict her complaints of pain and other symptoms. Id.

While the ALJ briefly set forth his reasons for finding that Plaintiff's complaints were not totally credible, he did not base his determination on a consideration of the entire case record. He failed to address, among other things, statements or other information concerning Plaintiff's symptoms and their effects provided by treating or examining physicians or other persons; factors that precipitate and aggravate the symptoms; and side effects of her medication. Further, the ALJ failed to recognize that although Plaintiff attends college as a full time student, she has "absences in excess of the norm." (Adm. Rec. 228). Thus, the ALJ failed to comply with SSR 96-7p.

Accordingly;

**IT IS ORDERED** that this case is **REMANDED** to the ALJ for a consideration of the entire record in making a determination of the credibility of Plaintiff's statements of her symptoms, including pain, and a more specific explanation of his credibility determination in accordance with the dictates of SSR 96-7p.

New Orleans, Louisiana, this 18th day of October, 2005.

United States District Judge